# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

**JAMES JOHN KUBASKO**

\* Debtor(s)

Case Number: **5-20-00462**
Chapter:        **13**

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

_____

hereby certifies that a copy of the attached Notice and Second Amended Plan

was mailed today to all parties named on the mailing list attached hereto by

regular first class mail.

DATED: October 18, 2021

SIGNED: _Lisa Manchak_

TITLE:    **Legal Assistant**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

James Kubasko

|  |  |
|---|---|
| Chapter: | 13 |
| Case No.: | 5-20-00462 |

Debtor(s)

## NOTICE

The confirmation hearing on the 2nd__ Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 11/23/2021_____     Time: 9:30 AM_____

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701_____

The deadline for filing objections to confirmation of the Plan is: 11/16/2021_____.

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 10/18/2021_____     Filed by:     Tullio DeLuca, Esquire_____

381 N. 9th Avenue_____

Scranton, PA  18504_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                 |        CHAPTER 13

JAMES JOHN KUBASKO
a/k/a James J. Kubasko      |        CASE NO. 5-20-00462
a/k/a James Kubasko
a/k/a James John Kubasko, Jr.,
a/k/a James J. Kubasko, Jr.,
a/k/a James Kubasko, Jr.,

| \_\_    ORIGINAL PLAN
| \_X\_   2nd AMENDED PLAN (Indicate 1ST, 2ND,
|3RD,   etc)
| \_\_    Number of Motions to Avoid Liens
| \_\_    Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | | | | | |
|---|---|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * | Included | ☐ | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |
| | | | | | |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1.    PLAN FUNDING AND LENGTH OF PLAN.

   A.    **Plan Payments From Future Income**

         1. To date, the Debtor paid $3514.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $238,973.61, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2020 | 10/2021 | $ | $0.00 | $ | $3514.00 |
| 11/2021 | 12/2021 | $150.00 | $0.00 | $150.00 | $300.00 |
| 01/2022 | 01/2022 | $235,159.61 | $0.00 | $235,159.61 | $235,159.61 |
| | | | | Total Payments: | $238,973.61 |

         2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

         3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

         4. CHECK ONE:    ( X ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

                          ( ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B.    **Additional Plan Funding From Liquidation of Assets/Other**

         1.    The Debtor estimates that the liquidation value of this estate is $ 260,000.00 (Liquidation value is calculated as the value of all non-exempt assets after the

deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

____  No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

  X  Certain assets will be liquidated as follows:

2.  In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $235,159.61 from the sale of property known and designated as  79 West Shore Dr., Jefferson Township, PA 18436.  All sales shall be completed by December 31, 2021. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

The Debtor shall conduct auction of the properties on or before March 31, 2022

3.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2.  **SECURED CLAIMS.**

A.  **Pre-Confirmation Distributions.**  *Check one.*

  X  None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

____  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee.  If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1.  The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2.  If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in

the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

___X___ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_____ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.**

___X___ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_____ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

_____ None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

__X__ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| City of Scranton c/o NE Revenue Service | 309 Lincoln Ave., Scranton, PA 18504 | $4,299.03 | 10% $907.00 | $5,206.03 |
| City of Scranton Tax Office | 309 Lincoln Ave., Scranton, PA 18504 | $5,392.40 | 10% $1207.00 | $6,599.40 |
| Lackawanna County Tax Claim Bur. | 309 Lincoln Ave., Scranton, PA 18504 | $13,573.95 | N/A | $13,573.95 |
| Jefferson Township Sewer Auth. c/o Portnoff Law Assoc. | 79 West Shore Drive, Jefferson Township, PA 18436 | $10,246.82 | 10% $1,115.17 | $0.00 |

| | | | | |
|---|---|---|---|---|
| Lackawanna County Tax Claim Bur. | 79 West Shore Drive, Jefferson Township, PA 18436 | $7,517.62 | N/A | $0.00 |
| PA Dept of Revenue | 79 West Shore Drive, Jefferson Township, PA 18436 | $3,851.73 | 3% $223.00 | $0.00 |
| Portnoff Law Associates, LTD | 79 West Shore Drive, Jefferson Township, PA 18436 | $16,624.88 | 10% $1,821.34 | $0.00 |
| Lackawanna County Tax Claim Bur. | 219 Franklin St., Jermyn, PA | $11,099.03 | N/A | $11,099.03 |
| Lackawanna River Basin Sewer Auth. | 219 Franklin St., Jermyn, PA | $562.36 | N/A | $562.36 |
| The Moosic Lakes Club | 79 West Shore Drive, Jefferson Township, PA 18436 | $4900.00 | N/A | $0.00 |

E.   **Secured claims for which §506 valuation is applicable.** Check one.

____   None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

__X__ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| PNC Bank, N.A. | 5 Moosic Lakes Jefferson Twp., PA | $88,119.41 | 3.25% $3,055.00 | $91,174.41 | Plan |
| PNC Bank, NA. | 219 Franklin St. Jermyn, PA 18433 | $59,728.36 | 3% $2,756.00 | $62,484.36 | Plan |

F. **Surrender of Collateral**. Check one.

___X___      None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

_____      The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

G.     **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

___X___    None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

_____    The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should

not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property | | |
| The sum of senior liens | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien voided. | | |

3.     **PRIORITY CLAIMS.**

A.     **Administrative Claims**

1.     <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2.     <u>Attorney's Fees.</u> Complete only one of the following options:

a.     In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

b.     $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3.     <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

    X   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

_____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

_____ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

  X   Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).** Check one of the following two lines.

  X   None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

_____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

4. **UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

  X   None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

_____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

    __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

    _____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
Check the applicable line:
_____ plan confirmation.
_____ entry of discharge.
__X__ closing of case.

7. **DISCHARGE: (Check one)**
(X) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1: | Adequate Protection Payments |
| Level 2: | Debtor's Attorney Fees |
| Level 3: | Domestic Support Obligations |
| Level 4: | Secured Claims, Pro Rata |
| Level 5: | Priority Claims, pro rata |
| Level 6: | Specially classified unsecured claims |
| Level 7: | Timely filed general unsecured claims |
| Level 8: | Untimely filed general unsecured claims to which Debtor has not objected |

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

| Level 1: | Adequate protection payments. |
| Level 2: | Debtor's attorney's fees. |
| Level 3: | Domestic Support Obligations. |
| Level 4: | Priority claims, pro rata. |
| Level 5: | Secured claims, pro rata. |
| Level 6: | Specially classified unsecured claims. |
| Level 7: | Timely filed general unsecured claims. |
| Level 8: | Untimely filed general unsecured claims to which the Debtor has not objected. |

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $21,800.00(est.) |
| Tullio DeLuca, Esq., | $ 3,000.00 |
| City of Scranton, c/o NE Revenue | $ 5,206.03 (309 Lincoln Ave.) |
| City of Scranton Tax Office | $ 6,599.40 (309 Lincoln Ave.) |
| Lackawanna County Tax Claim Bureau | $13,573.95 (309 Lincoln Ave.) |
| Lackawanna County Tax Claim Bureau | $11,099.03 (219 Franklin St.) |
| Lackawanna River Basin Sewer Auth | $ 562.36 (219 Franklin St.) |
| PNC Bank | $91,174.41 (5 Moosic Lakes) |
| PNC Bank | $62,484.36 (219 Franklin St) |
| Unsecured Creditors-100% | $ 23,474.07 |
| Total: | $ 238,973.61 |

\*\*\* Debtor shall sell 79 West Shore Dr., Jefferson Township, PA 18436 and all secured creditors shall be paid at the time of closing from the sale proceeds.

The Chapter 13 Trustee payment shall be made to the following address:

> Jack N. Zaharopoulos
> Chapter 13 Trustee
> P.O. Box 6008
> Memphis, TN 38101-6008

Dated:   October 15, 2021               /s/Tullio DeLuca
                                        Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

AMERICAN HONDA FINANCE
NATIONAL RECOVERY CENTER
PO BOX 16469
IRVING, TX 75016

AMERICAN HONDA FINANCE
PO BOX 168088
IRVING, TX 75016-8088

BRIGID E. CAREY, ESQ
3218 PITTSTON AVE
PO BOX 3838
SCRANTON, PA 18505

BRIGED E CAREY, ESQ
PO BOX 4466
SCRANTON, PA 18505

CITY OF SCRANTON
C/O NORTHEAST REVENUE
340 N. WASHINGTON AVE
ATTN: DELINQUENT TAXES
SCRANTON, PA 185016

CITY OF SCRANTON
C/O NORTHEAST REVENUE
340 N. WASHINGTON AVE
ATTN: DELINQUENT WASTE DISPOSAL
SCRANTON, PA 185016

CITY OF SCRANTON TAX OFFICE
1170 HIGHWAY 315, SUITE 5
PLAINS, PA 18702

CITY OF SCRANTON TREASURER
ATTN: REFUSE DEPT
340 NORTH WASHINGTON AVE.
SCRANTON PA 18503

COMMONWEALTH HEALTH
PO BOX 1022
WIXOM, MI 48393-1022

CREDIT MANAGEMENT CO
2121 NOBLESTOWN RD
PITTSBURGH, PA 15205

CREDIT MANAGEMENT CO
681 ANDERSEN DR
FOSTER PLAZA 6
PITTSBURGH, PA 15220-2766

CREDIT MEDIATORS, INC
PO BOX 456
UPPER DARBY, PA 19082-0456

Jack N. Zaharopoulos, ESQ
8125 ADAMS DR. SUITE A
HUMMELSTOWN, PA 17036

DR SANDERSON
500 PARK ST
BURKE BYPASS
OLYPHANT, PA 18447

INTERMOUNTAIN MEDICAL GROUP
610 WYOMING AVE
KINGSTON, PA 18704

Jefferson Township Sewer Authority
c/o Portnoff Law Associates, Ltd.
P.O. Box 3020
Norristown, PA 19404-3020

Jefferson Twp.
c/o Portnoff Law Associates, LTD.
2700 Horizon Dr., Suite 100
King of Prussia, PA 19406-2726

Lackawanna County Tax Claim Bureau
123 Wyoming Ave Suite 267
Scranton, PA 18503-2029

Lackawanna River Basin
Sewer Authority
P.O. Box 280
Olyphant, PA 18447-0280

Marian Community Hospital
100 Lincoln Ave.
Carbondale, PA 18407-2198

Moosic Lakes Club
25 Beach House Drive
Jefferson Township, PA 18436-8803

Moses Taylor Hospital
700 Quincy Ave
Attn: Justin Davis CEO
Scranton, PA 18510-1798

National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111-1036

North American Partners in Anesthesia
P.O. Box 725
Melville, NY 11747-0725

North Pocono School District
c/o Portnoff Law Associates, Ltd.
P.O. Box 3020
Norristown, PA 19404-3020

Orion
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Orion Portfolio Services, LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Ave., Ste. 1120
Miami, FL 33131-1605

PA American Water Co.,
P.O. Box 578
Alton, IL 62002-0578

PA Dept. of Revenue
Bankruptcy Division
Dept. 280946
Harrisburg, PA 17128-0496

PNC BANK N.A.
PO BOX 94982
CLEVELAND, OH 44101-4982

PNC Bank, N.A.
3232 Newmark Drive
Miamisburg, OH 45342-5421

PPL Electric Utilities
827 Hausman Rd.
Allentown, PA 18104-9392

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Patel Retina Institute
210 N. State St.
Clarks Summit, PA 18411-1008

Pennsylvania Department of Revenue
Bankruptcy Division PO Box 280946
Harrisburg, PA 17128-0946

Physicians Health Alliance
P.O. Box 618
Dunmore, PA 18512-0618

Portnoff Law Associates, Ltd
2700 Horizon Dr., Suite 100
King of Prussia, PA 19406-2726

Professional Account Svcs.
P.O. Box 188
Brentwood, TN 37024-0188

Radiological Consultants
751 Keystone Indust. Park
Dunmore, PA 18512-1511

Regional Hospital of Scranton
746 Jefferson Ave.
Scranton, PA 18510-1624

Regional Hospital of Scranton
C/O PASI
P.O. BOX 188
BRENTWOOD, TN 37024-0188

Rosenn, Jenkins & Greenwald, L.L.P.
15 South Franklin St.
Wilkes-Barre, PA 18711-0075

SRA Associates
401 Minnetonka Rd.
Hi Nella, NJ 08083-2914

Scranton Cardiovascular Physician
746 Jefferson Ave.
Scranton, PA 18510

The Moosic Lakes Club
25 Beachhouse Rd.
Jefferson Twp., PA 18436

Trident Asset Management
53 Perimeter Center East, Ste 440
Atlanta, GA 30346

United States Trustee
228 Walnut St., Suite 1190
Harrisburg, PA 17101-1722

Verizon
by American Infosource as agent
PO Box 4457
Houston, TX 77210-4457

James Warmbrodt, Esq
701 Market St., Suite 5000
Philadelphia, PA 19106

Wells Fargo Bank, NA
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Financial
4143 121st Street
Urbandale, IA 50323-2310

James Randolph, Esq.
Portnoff Law Associates
2700 Horizon Dr.
Suite 100
King of Prussia, PA 19406