# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

**JAMES JOHN KUBASKO**  | Case Number: 5-20-00462
                        | Chapter: 13

\* Debtor(s)

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Fourth Amended Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: December 28, 2021

SIGNED: *Lisa Manchak*

TITLE: Legal Assistant

Rev. 02/22/19

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

James Kubasko

Debtor(s)

Chapter: 13

Case No.: 5-20-00462

## NOTICE

The confirmation hearing on the 4th Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 02/01/2022  Time: 9:30 AM

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 01/24/2022.

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 12/28/2021

Filed by: Tullio DeLuca, Esquire

381 N. 9th Avenue

Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: | CHAPTER 13

JAMES JOHN KUBASKO
a/k/a James J. Kubasko
a/k/a James Kubasko
a/k/a James John Kubasko, Jr.,
a/k/a James J. Kubasko, Jr.,
a/k/a James Kubasko, Jr.,

CASE NO. 5-20-00462

| \_\_\_ ORIGINAL PLAN
| _X_ 4th AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)
| \_\_\_ Number of Motions to Avoid Liens
| \_\_\_ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
| --- | --- | --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * | Included | ☐ | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |
| | | | | | |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $3514.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $178,333.19, plus other payments and property stated in §1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 03/2020 | 12/2021 | $ | $0.00 | $ | $3514.00 |
    | 01/2022 | 01/2022 | $174,819.19 | $0.00 | $174,819.19 | $174,819.19 |
    | | | | | Total Payments: | $178,333.19 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( X ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    ( ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

    B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $ 260,000.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    \_\_\_\_   No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

    _X_   Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $174,819.00 from the sale of property known and designated as <u>79 West Shore Dr., Jefferson Township, PA 18436</u>. All sales shall be completed by <u>December 31, 2021.</u> If the property does not sell by the date specified, then the disposition of the property shall be as follows:

   The Debtor shall conduct auction of the properties on or before March 31, 2022

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

**2.   SECURED CLAIMS.**

    A.   <u>**Pre-Confirmation Distributions.**</u> *Check one.*

    _X_   None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

    \_\_\_\_   Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check One.

__X__ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

____ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

____ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

__X__ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank, N.A. | 79 West Shore Drive, Jefferson Township, PA 18436 | $43,464.66 | NA | $0.00 |

D. **Other secured claims (conduit payments and claims for which a §506 valuation**

**is not applicable, etc.)**

  ____  None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

  __X__  The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| City of Scranton c/o NE Revenue Service | 309 Lincoln Ave., Scranton, PA 18504 | $4,299.03 | 10% $907.00 | $5,206.03 |
| City of Scranton Tax Office | 309 Lincoln Ave., Scranton, PA 18504 | $5,392.40 | 10% $1207.00 | $6,599.40 |
| Lackawanna County Tax Claim Bur. | 309 Lincoln Ave., Scranton, PA 18504 | $13,573.95 | N/A | $13,573.95 |

| Creditor | Property | Claim Amount | Interest | Modified Principal Balance |
|---|---|---|---|---|
| Jefferson Township Sewer Auth. c/o Portnoff Law Assoc. | 79 West Shore Drive, Jefferson Township, PA 18436 | $10,246.82 | 10% $1,115.17 | $0.00 |
| Lackawanna County Tax Claim Bur. | 79 West Shore Drive, Jefferson Township, PA 18436 | $7,517.62 | N/A | $0.00 |
| PA Dept of Revenue | 79 West Shore Drive, Jefferson Township, PA 18436 | $3,931.12 | 3% $138.00 | $0.00 |
| Portnoff Law Associates, LTD | 79 West Shore Drive, Jefferson Township, PA 18436 | $16,624.88 | 10% $1,821.34 | $0.00 |
| Lackawanna County Tax Claim Bur. | 219 Franklin St., Jermyn, PA | $11,099.03 | N/A | $11,099.03 |
| Lackawanna River Basin Sewer Auth. | 219 Franklin St., Jermyn, PA | $562.36 | N/A | $562.36 |
| The Moosic Lakes Club | 79 West Shore Drive, Jefferson Township, PA 18436 | $7,100.00 | N/A | $0.00 |

E. **Secured claims for which §506 valuation is applicable.** Check one.

____ None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

__X__ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below

will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| PNC Bank, NA. | 219 Franklin St. Jermyn, PA 18433 | $59,728.36 | 3% $2,756.00 | $62,484.36 | Plan |

    **F. Surrender of Collateral.** Check one.

    _X_    None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

    ____    The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

    **G.**    **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

    _X_    None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

    ____    The Debtor moves to avoid the following judicial and/or nonpossessory, non-

purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property | | |
| The sum of senior liens | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien voided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

      1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's Fees.</u> Complete only one of the following options:

         a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

         b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

    __X__  None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

    _____  The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

    _____  None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

    __X__  Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $20,749.12 |
| PA Department of Revenue | $1,242.23 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).** Check one of the following two lines.

    __X__  None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

    _____  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

      __X__  None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

      _____  To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

    B.      Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

      __X__  None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

      _____  The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6.      **VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
Check the applicable line:
_____ plan confirmation.
_____ entry of discharge.
__X__ closing of case.

7.      **DISCHARGE: (Check one)**
(X)      The debtor will seek a discharge pursuant to § 1328(a).
( )      The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8.      **ORDER OF DISTRIBUTION:**
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,

the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:      Adequate Protection Payments
Level 2:      Debtor's Attorney Fees
Level 3:      Domestic Support Obligations
Level 4:      Secured Claims, Pro Rata
Level 5:      Priority Claims, pro rata
Level 6:      Specially classified unsecured claims
Level 7:      Timely filed general unsecured claims
Level 8:      Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:      Adequate protection payments.
Level 2:      Debtor's attorney's fees.
Level 3:      Domestic Support Obligations.
Level 4:      Priority claims, pro rata.
Level 5:      Secured claims, pro rata.
Level 6:      Specially classified unsecured claims.
Level 7:      Timely filed general unsecured claims.
Level 8:      Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $16,500.00(est.) |
| Tullio DeLuca, Esq., | $ 3,000.00 |
| City of Scranton, c/o NE Revenue | $ 5,206.03 (309 Lincoln Ave.) |
| City of Scranton Tax Office | $ 6,599.40 (309 Lincoln Ave.) |
| Lackawanna County Tax Claim Bureau | $13,573.95 (309 Lincoln Ave.) |
| Lackawanna County Tax Claim Bureau | $11,099.03 (219 Franklin St.) |
| Lackawanna River Basin Sewer Auth | $   562.36 (219 Franklin St.) |
| PNC Bank | $62,484.36 (219 Franklin St) |
| IRS | $ 20,749.12 ( priority claim) |
| PA Dept of Revenue | $ 1,242.23 (priority claim) |
| Unsecured Creditors-100% | $ 37,316.71 |

Total:     $ 178,333.19

*** Debtor shall sell 79 West Shore Dr., Jefferson Township, PA 18436 and all secured creditors shall be paid in full at the time of closing from the sale proceeds.

The Chapter 13 Trustee payment shall be made to the following address:

Jack N. Zaharopoulos
Chapter 13 Trustee
P.O. Box 6008
Memphis, TN 38101-6008

Dated: December 28, 2021          /s/Tullio DeLuca
                                  Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

| | | |
|---|---|---|
| AMERICAN HONDA FINANCE<br>NATIONAL RECOVERY CENTER<br>PO BOX 16469<br>IRVING, TX 75016 | AMERICAN HONDA FINANCE<br>PO BOX 168088<br>IRVING, TX 75016-8088 | BRIGID E. CAREY, ESQ<br>3218 PITTSTON AVE<br>PO BOX 3838<br>SCRANTON, PA 18505 |
| BRIGED E CAREY, ESQ<br>PO BOX 4466<br>SCRANTON, PA 18505 | CITY OF SCRANTON<br>C/O NORTHEAST REVENUE<br>340 N. WASHINGTON AVE<br>ATTN: DELINQUENT TAXES<br>SCRANTON, PA 185016 | CITY OF SCRANTON<br>C/O NORTHEAST REVENUE<br>340 N. WASHINGTON AVE<br>ATTN: DELINQUENT WASTE DISPOSAL<br>SCRANTON, PA 185016 |
| CITY OF SCRANTON TAX OFFICE<br>1170 HIGHWAY 315, SUITE 5<br>PLAINS, PA 18702 | CITY OF SCRANTON TREASURER<br>ATTN: REFUSE DEPT<br>340 NORTH WASHINGTON AVE.<br>SCRANTON PA 18503 | COMMONWEALTH HEALTH<br>PO BOX 1022<br>WIXOM, MI 48393-1022 |
| CREDIT MANAGEMENT CO<br>2121 NOBLESTOWN RD<br>PITTSBURGH, PA 15205 | CREDIT MANAGEMENT CO<br>681 ANDERSEN DR<br>FOSTER PLAZA 6<br>PITTSBURGH, PA 15220-2766 | CREDIT MEDIATORS, INC<br>PO BOX 456<br>UPPER DARBY, PA 19082-0456 |
| Jack N. Zaharopoulos, ESQ<br>8125 ADAMS DR. SUITE A<br>HUMMELSTOWN, PA 17036 | DR SANDERSON<br>500 PARK ST<br>BURKE BYPASS<br>OLYPHANT, PA 18447 | INTERMOUNTAIN MEDICAL GROUP<br>610 WYOMING AVE<br>KINGSTON, PA 18704 |
| Jefferson Township Sewer Authority<br>c/o Portnoff Law Associates, Ltd.<br>P.O. Box 3020<br>Norristown, PA 19404-3020 | Jefferson Twp.<br>c/o Portnoff Law Associates, LTD.<br>2700 Horizon Dr., Suite 100<br>King of Prussia, PA 19406-2726 | Lackawanna County Tax Claim Bureau<br>123 Wyoming Ave Suite 267<br>Scranton, PA 18503-2029 |
| Lackawanna River Basin<br>Sewer Authority<br>P.O. Box 280<br>Olyphant, PA 18447-0280 | Marian Community Hospital<br>100 Lincoln Ave.<br>Carbondale, PA 18407-2198 | Moosic Lakes Club<br>25 Beach House Drive<br>Jefferson Township, PA 18436-8803 |
| Moses Taylor Hospital<br>700 Quincy Ave<br>Attn: Justin Davis CEO<br>Scranton, PA 18510-1798 | National Recovery Agency<br>2491 Paxton Street<br>Harrisburg, PA 17111-1036 | North American Partners in Anesthesia<br>P.O. Box 725<br>Melville, NY 11747-0725 |
| North Pocono School District<br>c/o Portnoff Law Associates, Ltd.<br>P.O. Box 3020<br>Norristown, PA 19404-3020 | Orion<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Orion Portfolio Services, LLC<br>c/o Recovery Management Systems Corp.<br>25 SE 2nd Ave., Ste. 1120<br>Miami, FL 33131-1605 |
| PA American Water Co.,<br>P.O. Box 578<br>Alton, IL 62002-0578 | PA Dept. of Revenue<br>Bankruptcy Division<br>Dept. 280946<br>Harrisburg, PA 17128-0496 | PNC BANK N.A.<br>PO BOX 94982<br>CLEVELAND, OH 44101-4982 |

| | | |
|---|---|---|
| PNC Bank, N.A.<br>3232 Newmark Drive<br>Miamisburg, OH 45342-5421 | PPL Electric Utilities<br>827 Hausman Rd.<br>Allentown, PA 18104-9392 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Patel Retina Institute<br>210 N. State St.<br>Clarks Summit, PA 18411-1008 | Pennsylvania Department of Revenue<br>Bankruptcy Division PO Box 280946<br>Harrisburg, PA 17128-0946 | Physicians Health Alliance<br>P.O. Box 618<br>Dunmore, PA 18512-0618 |
| Portnoff Law Associates, Ltd<br>2700 Horizon Dr., Suite 100<br>King of Prussia, PA 19406-2726 | Professional Account Svcs.<br>P.O. Box 188<br>Brentwood, TN 37024-0188 | Radiological Consultants<br>751 Keystone Indust. Park<br>Dunmore, PA 18512-1511 |
| Regional Hospital of Scranton<br>746 Jefferson Ave.<br>Scranton, PA 18510-1624 | Regional Hospital of Scranton<br>C/O PASI<br>P.O. BOX 188<br>BRENTWOOD, TN 37024-0188 | Rosenn, Jenkins & Greenwald, L.L.P.<br>15 South Franklin St.<br>Wilkes-Barre, PA 18711-0075 |
| SRA Associates<br>401 Minnetonka Rd.<br>Hi Nella, NJ 08083-2914 | Scranton Cardiovascular Physician<br>746 Jefferson Ave.<br>Scranton, PA 18510 | The Moosic Lakes Club<br>25 Beachhouse Rd.<br>Jefferson Twp., PA 18436 |
| Trident Asset Management<br>53 Perimeter Center East, Ste 440<br>Atlanta, GA 30346 | United States Trustee<br>228 Walnut St., Suite 1190<br>Harrisburg, PA 17101-1722 | Verizon<br>by American Infosource as agent<br>PO Box 4457<br>Houston, TX 77210-4457 |
| James Warmbrodt, Esq<br>701 Market St., Suite 5000<br>Philadelphia, PA 19106 | Wells Fargo Bank, NA<br>Wells Fargo Card Services<br>PO Box 10438<br>MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wells Fargo Financial<br>4143 121st Street<br>Urbandale, IA 50323-2310 |
| James Randolph, Esq.<br>Portnoff Law Associates<br>2700 Horizon Dr.<br>Suite 100<br>King of Prussia, PA 19406 | Angelo Terrano, Esq.<br>400 Third Ave. Suite 117<br>Kingston, PA 18704 | John Martin, Esq.<br>1022 Court Street<br>Honesdale, PA 18431 |
| Angela Phraner, IRS<br>7 N. Wilkes-Barre Blvd., Room 349<br>Wilkes-Barre, PA | BRUCE D. BRANDLER, ESQ.<br>US ATTORNEY<br>P.O. BOX 309<br>SCRANTON, PA 18501 | DAVID HUBBERT, ESQ.<br>CHIEF COUNSEL-CIVIL TRIAL SECTION<br>555 4TH STREET, NW<br>JCB ROOM 6126<br>WASHINGTON, DC 20530 |
| MONTY WILKINSON<br>U.S. DEPARTMENT OF JUSTICE<br>ATTORNEY GENERAL'S OFFICE<br>950 PENNSYLVANIA AVE., NW<br>WASHINGTON, DC 20330 | ECLEMUS WRIGHT, ESQ.<br>BANKRUPTCY DIVISION CHIEF<br>PA DEPT OF REVENUE<br>BUREAU OF COMPLIANCE<br>P.O. BOX 280946, 7TH FLOOR<br>HARRISBURG, PA 17128 | ANA MARIE B. AMENTA<br>INSOLVENCY SPECIALIST<br>INTERNAL REVENUE SERVICE<br>600 ARCH STREET<br>PHILADELPHIA, PA 19106 |

BARBARA LYNADY
LACKAWANNA COUNTY TAX CLAIM BUREAU
123 WYOMING AVE., SUITE 267
SCRANTON, PA 18503

JANE F. O'NEIL
LACKAWANNA RIVER BASIN SEWER
PO BOX 280
OLYPHANT, PA 18447

PORTNOFF LAW ASSOCIATES, LTD.
C/O JAMES R. WOOD, ESQ.
2700 HORIZON DR., SUITE 100
KING OF PRUSSIA, PA 19406

PNC BANK
C/O JAMES WARMBRODT, ESQ.
KML LAW GROUP
BNY MELLON INDEPENDENCE CENTER
701 MARKET ST., SUITE 5000
PHILADELPHIA, PA 19106